UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN D. ZUCCARINO,

                                Plaintiff,        Case # 19-CV-6370-FPG

v.

                                                         DECISION AND ORDER

TOWN OF HECTOR & ANDREW YESSMAN,

                                Defendants.
_____

## INTRODUCTION

      Plaintiff John D. Zuccarino brings this civil rights action against the Town of Hector and Officer Andrew Yessman pursuant to 42 U.S.C. § 1983. He initially filed this case in the Northern District of New York; the case was later transferred to this District and Zuccarino filed an Amended Complaint. ECF Nos. 5, 6, 7.

      The Town moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 16. Zuccarino opposes the motion and moved for leave to file a second amended complaint. ECF No. 20.

      For the reasons that follow, the Court grants the Town's motion, dismisses the Town from this case, and denies Zuccarino's motion to amend.

## BACKGROUND[1]

      Zuccarino owns and operates a winery in the Town of Hector, NY. ECF No. 7 ¶ 3. On September 25, 2018, Joshua S. Mikkelsen, a Hector Town Water Department employee, pulled over in front of Zuccarino's winery to make a phone call. *Id.* ¶ 6. Mikkelsen's car blocked access to the winery and partially blocked the road, which caused Zuccarino "serious concerns" because

---

[1] The Court takes the following allegations from Zuccarino's Amended Complaint and accepts them as true to evaluate the Town's motion.

1

a fatal accident previously occurred on that road. *Id.* ¶¶ 7-9. Zuccarino approached Mikkelsen's vehicle and asked him to move, but Mikkelsen refused, yelled at Zuccarino "in an aggressive, hostile, and disorderly manner," and said he was going to contact the sheriff. *Id.* ¶¶ 10-15. Zuccarino alleges that Mikkelsen contacted Officer Yessman, who is an employee of the Schuyler County Sheriff's Department, and asked that charges be filed against Zuccarino. *Id.* ¶ 16.

Shortly after Mikkelsen left the winery, Officer Yessman arrived, was "openly hostile" toward Zuccarino, and "appeared to be determined to arrest him." ECF No. 7 ¶¶ 17-18. Officer Yessman said he recognized Zuccarino because Zuccarino filed a complaint against him in the past. *Id.* ¶ 19. While issuing him a ticket for disorderly conduct, Officer Yessman was "overly aggressive and abusive" and had a dog with him that was "incessantly and aggressively barking and growling," all of which caused "great fear, alarm, and distress" to Zuccarino and the patrons of his winery. *Id.* ¶¶ 20-21.

Zuccarino asserts that Officer Yessman did not properly investigate the facts of the incident with Mikkelsen, refused to view security camera footage, and did not take a statement from Zuccarino or any winery customers or employees. *Id.* ¶¶ 22-24. Zuccarino indicated that he wanted to press charges against Mikkelsen but Officer Yessman "refused to write a report." *Id.* ¶ 25. A few days later, Zuccarino went to the sheriff's department to file a complaint against Mikkelsen but he "was told that he was unable to file his complaint," which Zuccarino alleges "restrict[ed] his civil rights." *Id.* ¶ 26.

Zuccarino also alleges that Officer Yessman retaliated against him for exercising his First Amendment right to free speech by issuing him a disorderly conduct citation for his verbal altercation with Mikkelsen. ECF No. 7 ¶¶ 49-55. Officer Yessman warned Zuccarino that if he

acted similarly in the future, he "would get into more trouble," which Zuccarino claims "eliminated his right to similar speech in the future." *Id.* ¶ 56.

The District Attorney declined to prosecute the disorderly conduct charge against Zuccarino and a judge dismissed the case. *Id.* ¶¶ 29, 37. Zuccarino asserts that Officer Yessman initiated that charge against him without probable cause and with actual malice because the two had an altercation in August 2013. *Id.* ¶¶ 30-32. Specifically, Zuccarino had lent money to one of his employees who promised to pay him back; instead, the employee quit, did not pay back the loan, and told Zuccarino not to contact her again. *Id.* ¶¶ 33-34. Soon thereafter, Officer Yessman, who was friends with the former employee, came to Zuccarino's winery while on duty and in uniform. *Id.* ¶ 35. He "began tapping his gun in a threatening manner," told Zuccarino to stay away from the former employee, and used "a derogatory slur against Italians." *Id.* Zuccarino filed a complaint with the sheriff's department about this incident but it did not take any action. *Id.* ¶ 36.

Zuccarino alleges that all of the above caused him "severe emotional distress, mental anguish, depression, anxiety, multiple breakdowns, loss of reputation, and damage to his business' reputation" and that he "lives in constant fear" of Officer Yessman. ECF No. 7 ¶¶ 38-39. Zuccarino now sees a psychologist for his nervous breakdowns and takes daily anti-anxiety medication, which he is "incredibly worried" he will become dependent on. *Id.* ¶¶ 41-42. Zuccarino also has "incredible difficulty sleeping" and experiences neck and back spasms. *Id.* ¶ 43. Finally, Zuccarino alleges that these physical and mental issues have harmed his business. Specifically, he maintains that $160,000 worth of wine was ruined; he cannot advertise his wine or enter competitions; he cannot effectively design t-shirts to sell at the winery; and his winery is facing potential sale and liquidation. *Id.* ¶¶ 44-47.

Zuccarino alleges two causes of action against Officer Yessman and the Town: one for malicious prosecution and one for the "deprivation of constitutional rights," which appears to be a First Amendment retaliation claim for Zuccarino exercising his right to free speech.

## DISCUSSION

I. **The Town's Motion for Judgment on the Pleadings**

    A. **Legal Standard**

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). When deciding such a motion, "a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6). Thus, a court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 103 (S.D.N.Y. 2019). But the court does not have "to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, in evaluating a motion for judgment on the pleadings, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Sarikaputar*, 371 F. Supp. 3d at 104.

B. Analysis

1. Malicious Prosecution Claim

The Town argues that Zuccarino has failed to set forth the requisite allegations to state a claim against it for malicious prosecution. The Court agrees.

To establish a malicious prosecution claim under § 1983, "the plaintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Wiggins v. Buffalo Police Dep't*, 320 F. Supp. 2d 53, 57 (W.D.N.Y. 2004).

Although Zuccarino purports to bring this claim against Officer Yessman and the Town, he does not allege any facts against the Town that support the elements stated above. Instead, he alleges only that Officer Yessman initiated proceedings against him by issuing a disorderly conduct citation, that he did so without probable cause and with actual malice, and that the prosecution terminated in his favor. ECF No. 7 ¶¶ 28-32, 37.

Zuccarino also alleges that Mikkelsen, a Town employee, asked Officer Yessman to file charges against him, but this is insufficient to state a malicious prosecution claim against the Town. *Id.* ¶ 16. First, "a municipality cannot be held vicariously liable on a section 1983 claim." *Udechukwu v. City of New York*, 333 F. Supp. 3d 161, 170 (E.D.N.Y. 2018). Instead, Zuccarino would have to plead a constitutional deprivation resulting from "action pursuant to official municipal policy," which he has not done. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Second, even if the Town could be vicariously liable for Mikkelsen's actions, his claim would still fail. To satisfy the first element of a malicious prosecution claim, "the mere reporting

of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Rohman v. New York City Trans. Auth.*, 215 F.3d 208, 217 (2d Cir. 2000) (brackets omitted); *see also Udechukwu v. City of New York*, 333 F. Supp. 3d 161, 171 (E.D.N.Y. 2018) (dismissing malicious prosecution claim where the defendant "merely furnished information to police officers who were free to exercise their own judgment in whether to arrest" the plaintiff). Here, Zuccarino merely alleges that, "[u]pon information and belief," Mikkelsen contacted Officer Yessman and "requested that charges be filed" against Zuccarino. ECF No. 7 ¶ 16. There is no indication that Mikkelsen played any active role in the prosecution.

Accordingly, for all the reasons stated, the Court grants the Town's motion for judgment on the pleadings as to Zuccarino's malicious prosecution claim.

### 2. First Amendment Claim

The Town also argues that Zuccarino has failed to set forth the requisite allegations to state a claim against it under the First Amendment. The Court agrees.

To state a First Amendment retaliation claim, the plaintiff must allege that (1) he "has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 324 (S.D.N.Y. 2018). The First Amendment protects speech "on matters of public concern," *i.e.*, "subjects that are of general interest and concern to the public." *Id.* at 324-25.

Again, Zuccarino purports to bring this claim against both Officer Yessman and the Town, but he does not allege any facts against the Town that support the elements stated above. Instead, he alleges only that Officer Yessman took adverse action against him by issuing him a ticket for

6

engaging in a verbal altercation with Mikkelsen. ECF No. 7 ¶¶ 49-56. Accordingly, the Court finds that Zuccarino has failed to state a claim against the Town under the First Amendment and therefore it grants the Town's motion for judgment on the pleadings as to that claim.

    **3.** *Monell*

As noted above, to state a § 1983 claim against a municipal defendant like the Town, "a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right." *Raghunath v. New York*, No. 14-CV-4218 CBA LB, 2015 WL 4623467, at *4 (E.D.N.Y. July 30, 2015) (citing *Monell*, 436 U.S. at 694).

Zuccarino attempts to save his claims against the Town by arguing that he has identified the Town's "municipal custom, practice, and policy" to deprive him of his constitutional rights. ECF No. 20-2 at 9-10. Specifically, he asserts that "it can be reasonably inferred" that the Town's "custom is to use any portion of any roadway, or private citizens' driveway, including [Zuccarino]'s business entrance to park, block the business entrance with total disregard, and hold itself above the law." *Id.* at 10.

Zuccarino's Amended Complaint, however, contains no such allegations. Even if it did, "[t]o survive a motion to dismiss, the plaintiff cannot merely allege the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Laboy v. Ontario Cty.*, 318 F. Supp. 3d 582, 586 (W.D.N.Y. 2018) (quotation mark omitted). Moreover, a single incident of unconstitutional activity, like that alleged here, is generally insufficient to impose liability under *Monell*. *Raghunath*, 2015 WL 4623467, at *4.

For all the reasons stated, the Court finds that Zuccarino has failed to state a malicious prosecution or First Amendment claim against the Town. Accordingly, it grants the Town's motion for judgment on the pleadings in its entirety and dismisses it from this case.

## II. Zuccarino's Motion to Amend the Complaint

Zuccarino requests leave to amend his pleadings and submitted a proposed second amended complaint for the Court's review. ECF No. 20-1 at 4-13; ECF No. 20-2 at 11-12.

A court is generally required to "freely give" leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, a court may deny a motion to amend if it would be futile. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F3d 83, 87-88 (2d Cir. 2002). "[A]mendment . . . will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Id.*

### A. Malicious Prosecution Claim

Zuccarino's proposed second amended complaint lodges additional allegations against Mikkelsen in support of his malicious prosecution claim against the Town. Specifically, Zuccarino alleges that Mikkelsen initiated the criminal proceedings against him and "played an active role" in his prosecution as evidenced by "his angry announcement that he [was] going to contact the police." ECF No. 20-1 ¶¶ 20-21. He also contends that Mikkelsen "maliciously gave advice" to his supervisor and Officer Yessman, thereby "caus[ing] and encourag[ing] charges to be brought against [him]." *Id.* ¶ 22. Finally, Zuccarino alleges that the Town's "custom is to use any portion of any roadway, or private citizens' driveway, including [Zuccarino]'s business entrance to park, block the business entrance with total disregard, and hold itself above the law." *Id.* ¶ 27.

The Court denies Zuccarino's motion to amend his malicious prosecution claim because amendment would be futile; the additional allegations set forth above still fail to show that the

Town had an officially adopted policy or custom that injured Zuccarino and that there was a direct causal connection between that policy or custom and the deprivation of a constitutional right. Accordingly, the Court dismisses this claim against the Town with prejudice.

### B. First Amendment Claim

Although Zuccarino's proposed second amended complaint reveals slight changes to his First Amendment claim, amendment would be futile because, again, Zuccarino does not set forth the requisite elements to support such a claim against the Town or allege that the Town has an officially adopted policy or custom that restricted his right to free speech. Thus, the Court denies Zuccarino's motion to amend his First Amendment claim and dismisses that claim against the Town with prejudice.

## CONCLUSION

The Town's Motion for Judgment on the Pleadings (ECF No. 16) is GRANTED. The Town is dismissed from this case with prejudice and the Clerk of Court will terminate it as a party to this action. Zuccarino's Motion to Amend (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: November 19, 2019
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court