UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN D. ZUCCARINO,

                              Plaintiff,        Case # 19-CV-6370-FPG

v.

                                                   DECISION AND ORDER

TOWN OF HECTOR & ANDREW YESSMAN,

                              Defendants.
_____

## INTRODUCTION

Plaintiff John D. Zuccarino brings this civil rights action against the Town of Hector and Officer Andrew Yessman pursuant to 42 U.S.C. § 1983. He initially filed this case in the Northern District of New York; the case was later transferred to this District and Zuccarino filed an Amended Complaint. ECF Nos. 5, 6, 7.

The Town moved for judgment on the pleadings (ECF No. 16) and Zuccarino moved for leave to file a second amended complaint (ECF No. 20). The Court denied both motions. ECF No. 38. The matter proceeded to discovery and mediation.

On March 11, 2020, the mediator certified that the case settled in mediation. ECF No. 42. Nearly a month later, Plaintiff contacted the Court to indicate that he did not agree to the settlement. Plaintiff's attorney moved to withdraw as counsel and Magistrate Judge Payson granted that motion. ECF No. 51. Plaintiff, now proceeding *pro se*, filed the instant motion for access to the Court's electronic filing system. ECF No. 53. For the reasons that follow, Plaintiff's motion for access to the Court's electronic filing system is DENIED WITHOUT PREJUDICE.

## DISCUSSION

Rule 5 of the Federal Rules of Civil Procedure provides that a *pro se* litigant "may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). While

1

the Local Rules of Civil Procedure do not specifically address electronic filing system access for *pro se* litigants, the Local Rules incorporate the Court's Administrative Procedures Guide for Electronic Filing, which does.  L.R. Civ. P. 5.1(a).  The Administrative Procedures Guide for Electronic Filing provides that "[t]ypically only registered attorneys, as Officers of the Court, will be permitted to file documents electronically.  A Judicial Officer may, <u>at his or her discretion</u>, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically, permission to register to do so."  *See* https://www.nywd.uscourts.gov/rules-individual-local-federal (updated Mar. 2018) (emphasis in original).

The Court declines to exercise its discretion here to allow Plaintiff to use the Court's electronic filing system.  In his motion, Plaintiff indicates only that he is "acting as his own attorney pro se and COVID 19."  ECF No. 53 at 2.  Yet Plaintiff has had no trouble filing letters and motions with the Court through the Clerk's Office and postal system.  *See Akande v. Philips*, 386 F. Supp. 3d 281, 296 (W.D.N.Y. 2019), *reconsideration denied*, No. 1:17-CV-01243 EAW, 2019 WL 5865555 (W.D.N.Y. Nov. 6, 2019).  Because Plaintiff has not provided a persuasive reason for the Court to grant his motion for permission to use the electronic filing system, Plaintiff's motion is denied without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for access to the Court's electronic filing system (ECF No. 53) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 11, 2020
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court