UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN D. ZUCCARINO,

                                            Plaintiff,                  Case # 19-CV-6370-FPG

v.

                                                                    DECISION AND ORDER

ANDREW YESSMAN,

                                            Defendant.
_____

**INTRODUCTION**

Plaintiff John D. Zuccarino brought this civil rights action against the Town of Hector and Schuyler County Sheriff's Deputy Andrew Yessman pursuant to 42 U.S.C. § 1983. He initially filed this case in the Northern District of New York; the case was later transferred to this District and Zuccarino filed an Amended Complaint. ECF Nos. 5, 6, 7.

The Town moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), ECF No. 16, and Zuccarino, represented by counsel, moved to amend, ECF No. 20. On November 19, 2019, the Court dismissed the Town from this action and denied Zuccarino's motion to amend. ECF No. 38. The only claims remaining in the Amended Complaint are against Deputy Yessman for malicious prosecution and a violation of Zuccarion's First Amendment rights.

Thereafter, the parties engaged in settlement negotiations and the matter settled in principle. ECF Nos. 43, 45. However, Zuccarino's counsel withdrew, ECF No. 51, and the settlement was never finalized. Zuccarino is now proceeding *pro se*.

Deputy Yessman moved for summary judgment on July 21, 2020. ECF No. 66. Zuccarino opposes that motion,[1] ECF No. 71, and Deputy Yessman filed a reply, ECF No. 82. Thereafter,

---

[1] In opposition, Zuccarino provided four USB drives with alleged video of the Zuccarino/Mikkelsen altercation. *See* ECF No. 71. The Court has reviewed the contents of these USB drives, but they do not change its conclusion. As

1

Zuccarino filed a sur-reply, Deputy Yessman objected to the sur-reply, and then Zuccarino formally moved for leave to file a "sur-reply" and to strike Deputy Yesman's reply. ECF No. 85. Zuccarino's motion to strike is DENIED and his motion to file a sur-reply, which was attached to his motion, is GRANTED, ECF No. 85-1.[2]

The parties vigorously contest the details of an altercation between Zuccarino and Joshua S. Mikkelsen, a Town of Hector Water Department employee, and a subsequent interaction between Zuccarino and Deputy Yessman. However, they do not dispute that Deputy Yessman ultimately issued Zuccarino an appearance ticket for disorderly conduct based on Mikkelsen's version of the events. As explained below, the absence of a genuine issue of material fact with respect to this aspect of Zuccarino's allegations are fatal to his claims and require that the Court GRANT Deputy Yessman's motion for summary judgment.

## BACKGROUND

Zuccarino owns and operates a winery in the Town of Hector, New York. ECF No. 7 ¶ 3. On September 25, 2018, Mikkelsen pulled his Town truck over in front of Zuccarino's winery to make a phone call. *Id.* ¶ 6. The parties dispute the precise location of Mikkelsen's truck but agree that a verbal altercation ensued when the two began to discuss whether the vehicle was located on Zuccarino's property or blocking access to his winery. They dispute virtually everything else about the interaction.

After the incident, Mikkelsen contacted Deputy Yessman and provided him with a sworn, written statement describing what occurred. In the sworn statement provided to Deputy Yessman,

---

explained below, the Court's analysis centers on whether Officer Yessman had probable cause to issue the ticket. As discussed below, he did.

[2] Zuccarino's motion for an extension of discovery deadlines to obtain disciplinary records, ECF No. 64, and his motion to accept expert discovery from his treating mental health nurse practitioner, ECF No. 69, are pending before Magistrate Judge Payson. These records do not bear on whether Deputy Yessman had probable cause to issue the appearance ticket. *Contra* Fed. R. Civ. P. 56(d). Accordingly, those motions are DENIED AS MOOT.

Mikkelsen stated that he was driving on State Route 414 in his Town of Hector vehicle when he pulled over to answer his cellphone. According to Mikkelsen's sworn deposition statement to Deputy Yessman, Zuccarino "approached the truck waving his arms." ECF No. 66-14 at 2. Upon reaching the vehicle, Zuccarino struck the window several times and then opened the door, causing several items to fall out. *Id.* Zuccarino told Mikkelsen "to get the fuck off his property." *Id.* When Mikkelsen asked Zuccarino to close the truck door, Zuccarino responded, "close your own fucking door." *Id.* Mikkelsen noted that he was a Town of Hector employee, to which Zuccarino retorted with another demand to "get off his fucking property." *Id.* Mikkelsen indicated that he was stopped "near" Zuccarino's driveway, but he was never actually parked on Zuccarino's property. *Id.*

Shortly after Mikkelsen left the winery, Deputy Yessman arrived. Again, the parties hotly contest what happened next. Zuccarino alleges that Deputy Yessman was "openly hostile" toward Zuccarino, and "appeared to be determined to arrest him," in part because Zuccarino had filed a complaint against Deputy Yessman in the past.[3] ECF No. 7 ¶¶ 17-19. What is not disputed is that Deputy Yessman issued Zuccarino an appearance ticket for "Disorderly Conduct"—a violation of Section 240.20(7) of the New York State Penal Law—based on Mikkelsen's sworn statement regarding the exchange between Mikkelsen and Zuccarino. ECF No. 66-7 at 2. The appearance ticket required Zuccarino to appear in Town of Hector Court on October 10, 2018 at 6:30 p.m. *Id.* Zuccarino was never handcuffed or detained by Deputy Yessman. ECF No. 66-18 ¶ 8. Deputy Yessman swore out an accusatory information—attached to his sworn declaration filed in this case—on September 26, 2018, charging Zuccarino with "Disorderly Conduct, in violation of

---

[3] The body-worn video footage of the interaction between Officer Yessman and Zuccarino does not corroborate Zuccarino's version of the events. Throughout the entire interaction, Officer Yessman is polite and respectful. ECF No. 66-17, Ex. 2 (DVD provided to the Court).

section 240.20 subdivision (1,2,3,7) of the Penal Law of the State of New York, a Violation." ECF No. 66-17 at 2.

On November 28, 2018, Zuccarino appeared in Town Court and entered a plea of not guilty. ECF No. 66-6 at 83; ECF No. 66-18 ¶ 11. Zuccarino's next appearance was adjourned so that he could go on vacation. ECF No. 66-18 ¶ 11. Thereafter, and before Zuccarino appeared in court again, his counsel moved to dismiss the Disorderly Conduct charge on the grounds that the accusatory instrument cited four separate subsections representing four separate offenses, and therefore, it was duplicitous. ECF No. 66-8. The District Attorney assigned to the case agreed, added that "the supporting deposition was not attached or referred to in the accusatory instrument," and consented to dismissal. ECF No. 66-9. On May 14, 2019, Town Judge Keith Caslin dismissed the Disorderly Conduct charge against Zuccarino. ECF No. 66-10.

## DISCUSSION

### I. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure states that "the court shall grant summary judgment" if the moving party "shows that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Celotex Corp.*, 477 U.S. at 323), "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of

material fact." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (1986) (emphasis in original). "Only disputes over facts that might affect the outcome of the suit under the governing law" are "material." *Id.* at 248. A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In deciding a motion for summary judgment, the Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Angulo v. Nassau Cty.*, 89 F. Supp. 3d 541, 548 (E.D.N.Y. 2015) (quoting another source). The Second Circuit "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted).

**II.     Analysis**

Deputy Yessman moves to dismiss the two claims against him: a malicious prosecution claim for issuing the Disorderly Conduct appearance ticket and a First Amendment claim for issuing the ticket based on Zuccarino's protected speech. The Court concludes that there is no genuine issue of material fact as to either claim and that summary judgment is therefore appropriate.

### A. Malicious Prosecution Claim[4]

To establish a malicious prosecution claim under § 1983, "the plaintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Wiggins v. Buffalo Police Dep't*, 320 F. Supp. 2d 53, 57 (W.D.N.Y. 2004).

Deputy Yessman argues that none of these elements are met here. Because the Court agrees that there is no genuine dispute of material fact that Deputy Yessman had probable cause to believe the proceeding could succeed, he is entitled to summary judgment, and the Court will not reach the other elements.

"[T]he existence of probable cause is a complete defense to a claim of malicious prosecution." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). "Although the existence of probable cause must be determined with reference to the facts of each case, in general [p]robable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quoting another source). "Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it." *Id.* "However, the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause."[5] *Id.* Of course, the

---

[4] In his response papers, Zuccarino repeatedly refers to "false arrest" and "false imprisonment." ECF No. 71 at 11. However, Zuccarino makes no allegations in his Amended Complaint of any such false arrest or imprisonment; his claims are for malicious prosecution. Nor does he allege that he was ever arrested, imprisoned, or otherwise detained.

[5] Despite Zuccarino's unsupported allegations to the contrary, there is no evidence in the record that Deputy Yessman failed to make further inquiry or conduct a proper investigation so as to vitiate Mikkelsen's sworn complaint. Indeed, the Court has reviewed the body worn camera video footage from the interaction between Zuccarino and Deputy

6

existence of probable cause is determined by looking to the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "It is the facts that are available at the time of the initiation of the prosecution that are relevant to evaluating whether probable cause existed; facts that become available after the initiation of the prosecution are irrelevant." *Hogan v. Lewis Cty.*, No. 716CV1325LEKATB, 2018 WL 4689094, at *12 (N.D.N.Y. Sept. 28, 2018).

Based on the totality of the circumstances available at the time, the Court concludes that Deputy Yessman had probable cause to issue the appearance ticket for Disorderly Conduct. New York Penal Law § 240.20(7), for which the ticket was issued, states that "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e creates a hazardous or physically offensive condition by any act which serves no legitimate purpose."

As detailed above, Mikkelsen swore, under penalty of perjury, that Zuccarino came out to Mikkelsen's car with his hands waving, banged on his door, pulled open the door causing items to fall out, and repeatedly yelled obscenities at Mikkelsen. The Court need not determine whether Mikkelsen's version of the events is correct. Rather, as explained above, the inquiry is whether Deputy Yessman was reasonable in believing Mikkelsen's version of the events, thus giving rise to probable cause. "It is well-established that an officer normally has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth." *See Burgess v. DeJoseph*, 14-CV-1371, 2017 WL 1066662, at *6 (N.D.N.Y. Mar. 21, 2017) (quoting another source). The Court concludes that

---

Yessman. In it, Deputy Yessman explained to Zuccarino that he was receiving a ticket for Disorderly Conduct because of the sworn statement provided by Mikkelsen. Zuccarino indicated that he had video that would corroborate his version of the events, and Deputy Yessman noted that Zuccarino could present that evidence to the judge, but that Deputy Yessman was still issuing the ticket because Mikkelsen had called the police and provided a sworn statement. ECF No. 66-17, Ex. 2 (DVD provided to the Court).

7

Mikkelsen's sworn statement—which was provided to Deputy Yessman—detailing these allegations was sufficient to establish probable cause to issue an appearance ticket for Disorderly Conduct.

Even if Deputy Yessman did not have probable cause to issue the appearance ticket to Zuccarino, he at least had "arguable probable cause" to do so, entitling him to qualified immunity. Under qualified immunity, a police officer may avoid liability if "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (quotations omitted). In determining whether an officer is entitled to qualified immunity for a probable cause determination, the Court must decide whether the officer had arguable probable cause. *Butler v. Hesch*, 286 F. Supp. 3d 337, 362 (N.D.N.Y. 2018). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (quoting another source). This standard is "more favorable to the officers" than the ordinary standard used to determine probable cause. *See Ackerson v. City of White Plains*, 702 F.3d 15, 21 (2d Cir. 2012) (citation omitted).

To be sure, it was objectively reasonable for Deputy Yessman to believe that probable cause existed or, at the very least, officers of reasonable competence could disagree on whether probable cause was met. Deputy Yessman received a verbal and written statement from Mikkelsen that described Zuccarino's disorderly conduct. These facts give rise to arguable probable cause that Zuccarino had committed the Disorderly Conduct offense.

### B. First Amendment Claim

Deputy Yessman next attacks Zuccarino's First Amendment claim that "Office Yessman took adverse action against the Plaintiff by issuing him a citation for exercising his right to free speech." ECF No. 7 at 8. Again, the Court agrees with Deputy Yessman that there is no genuine issue of material fact with respect to this claim.

To establish a First Amendment retaliation claim, the plaintiff must allege that (1) he "has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 324 (S.D.N.Y. 2018) (quoting another source). The First Amendment protects speech "on matters of public concern," *i.e.*, "subjects that are of general interest and concern to the public." *Id.* at 324-25.

"The existence of probable cause 'will also defeat a First Amendment claim that is premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive, in an attempt to silence her.'" *Higginbotham v. Sylvester*, 741 F. App'x 28, 31 (2d Cir. 2018) (summary order) (quoting *Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012)); *see Nieves v. Bartlett*, 139 S. Ct. 1715, 1725 (2019) (confirming that "[a]bsent such a showing" of a lack of probable cause, "a retaliatory arrest claim fails"). "An individual does not have a right under the First Amendment to be free from a criminal prosecution supported by probable cause, even if that prosecution is in reality an unsuccessful attempt to deter or silence criticism of the government." *Id.* (internal quotation marks omitted).

As explained above, Deputy Yessman issued the appearance ticket with probable cause. Therefore, Zuccarino's First Amendment retaliation claim fails.

**CONCLUSION**

Zuccarino's motion to strike is DENIED and his motion to file a sur-reply, ECF No. 85, is GRANTED. The Court has considered the sur-reply papers. Deputy Yessman's motion for summary judgment, ECF No. 66, is GRANTED. Zuccarino's motion for an extension of discovery deadlines, ECF No. 64, and his motion to submit discovery, ECF No. 69, are DENIED AS MOOT because they would not alter the Court's analysis. The Court is directed to enter judgment in favor of Deputy Yessman and close this case.

IT IS SO ORDERED.

Dated: December 14, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court